IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEARY MELVIN GERMAN,  )
                                                  )
        Petitioner,                )
v.                                          )
                                                  )
A. A. LAMARQUE, Warden,      )
                                                  )
        Respondent.             )
_____ )

No. C 02-1647 SBA (PR)

**ORDER GRANTING CERTIFICATE OF APPEALABILITY WITH RESPECT TO ALL CLAIMS**

       Petitioner Geary Melvin German, a prisoner of the State of California, filed a petition for a writ of habeas corpus challenging the validity of his conviction for murder for financial gain and conspiracy to commit murder. In an Order dated August 9, 2005, this Court denied the petition on the merits (docket no. 16). Petitioner filed a notice of appeal and request for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b) (docket no. 17). The Court GRANTS Petitioner's request for a COA on all his claims for the reasons set forth below.

## DISCUSSION

       A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

       "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

       Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v.

Estelle, 463 U.S. 880, 892-93 (1983). See Slack, 529 U.S. at 483. In Barefoot, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

On June 10, 1999, Petitioner was convicted by a jury of murdering his wife, Sharley Ann German, and of conspiracy to commit murder. The jury also found true the special circumstance that Petitioner committed the murder for financial gain. On August 3, 1999, he was sentenced to a term of life without the possibility of parole. He filed a direct appeal, which was denied by the California Court of Appeal on October 18, 2001. See Resp't Ex. I. The California Supreme Court denied his petition for review on January 16, 2002. See Resp't Ex. K. In his federal habeas corpus petition, Petitioner asserted the following two claims: (1) the trial court erred when it ruled his co-conspirator's statements were against his co-conspirator's penal interest, and therefore admissible under California Evidence Code section 1230, which violated Petitioner's Due Process rights to a fair trial; and (2) his Constitutional rights under the Confrontation Clause were violated when the trial court admitted these hearsay statements against him. This Court denied Petitioner's federal habeas corpus petition on the merits.

Reasonable jurists could find debatable this Court's assessment of Petitioner's constitutional claims.

With respect to Petitioner's first claim that the trial court erred in admitting the co-conspirator's statements pursuant to the hearsay exception for declarations against penal interest, the Court of Appeal upheld the trial court's determination because the statements provided "evidentiary proof that he was guilty of conspiracy and murder for hire." Resp't Ex. I

at 11-12. The appellate court specifically found that the trial court "did not err by determining that [the co-conspirator's] unredacted statements were against his penal interest when made." Id. In its previous Order, this Court found that the Court of Appeal's analysis was not an unreasonable determination of the facts in light of the evidence before it. See August 9, 2005 Order at 12-13. Petitioner argues that the trial court and the Court of Appeal "failed to take into consideration all the circumstances surrounding [the co-conspirator's] statements." (Req. for COA at 7.) Therefore, Petitioner has demonstrated that if all of the circumstances were considered, then "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Accordingly, Petitioner's application for a COA as to this claim is granted.

This Court also rejected Petitioner's argument that the co-conspirator's hearsay statements violated his rights under the Confrontation Clause. Under Crawford v. Washington, 541 U.S. 36 (2004), the Court determined that the admission of the co-conspirator's hearsay statements against Petitioner was constitutional error. See August 9, 2005 Order at 17. However, Petitioner was not entitled to habeas relief because there was substantial evidence -- aside from the co-conspirator's statements -- that supported the jury's verdict, therefore, the Court found the alleged trial error of admitting these hearsay statements to be harmless under Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). See id. at 18-19. Based on the record, a court could resolve this issue in a different manner than this Court. In particular, if a court finds that the admission of the co-conspirator's hearsay statements was not overshadowed by the amount of evidence against Petitioner, then his claim could amount to constitutional error. Accordingly, the application for a COA is GRANTED as to Petitioner's second claim.

**CONCLUSION**

For the foregoing reasons, the application for a COA is GRANTED with respect to all claims.

The Clerk of Court shall process the notice of appeal, terminate all pending motions and transmit the case file to the Court of Appeals, including copies of: 1) the Notice of Appeal

| | |
|---|---|
| 1 | and Request for a COA (docket no. 17); 2) the Order denying the petition for a writ of habeas |
| 2 | corpus (docket no. 16); and 3) this Order. <u>See</u> Fed. R. App. P. 22(b); <u>United States v. Asrar</u>, |
| 3 | 116 F.3d 1268, 1270 (9th Cir. 1997). |

        IT IS SO ORDERED.

Dated: 9/8/05

*Saundra B Armstrong*
_____
SAUNDRA BROWN ARMSTRONG
United States District Judge